UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cause No. 1:10-CR-58 WCL |
| | ) |
| KEVIN D. STEPHENS | ) |

**OPINION AND ORDER**

Before the Court is Defendant Kevin D. Stephens ("Stephens") pro se Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2) filed on March 17, 2014. The Government responded on April 14, 2014 to which Stephens replied raising additional issues under the Fair Sentencing Act. For the following reasons, Stephens's Motion for Modification or Reduction of Sentence will be DENIED.

**DISCUSSION**

On July 28, 2010, Stephens was charged in a two count Indictment with violations of 21 U.S.C. 841(a)(1) distribution of more than 5 grams but less than 50 grams of a schedule II controlled substance, to wit: cocaine base "crack". (DE 1) For each count charged, Stephens was facing a term of imprisonment of not less than 5 years and not more than 40 years. (DE 2) Stephens ultimately pled guilty to Count 1 in a written plea agreement filed with the Court. (DE 20)[1] His plea of guilty was accepted, he was adjudged guilty and Count 2 was dismissed at sentencing. (DE 23, 24, 31) The amount of cocaine base "crack" involved in Stephens' offense was 15.05 grams. However, Stephens was determined to be a Career Offender pursuant to U.S.S.G. §4B1.1(b)(B) and

---

[1] 1 In his plea agreement, Stephens acknowledged that the government could have filed an enhancement under 21 U.S.C. ' 851 and had agreed to an upward variance to a binding sentence of 100 months unless he was found to be a career offender in which case the binding agreement would not apply. (DE 20)

1

his offense level was set at 34. He received a three level reduction for acceptance of responsibility and his total offense level was 31. With a criminal history category of VI, he was facing an advisory sentencing guideline range of 188 to 235 months imprisonment. Sentencing occurred on March 14, 2011 and Stephens received the low end of the range, 188 months. (DE 31).

In his present filings, Stephens seek to have his sentence modified based on the Fair Sentencing Act ("FSA") of 2010, Pub.L. No. 111–220, 124 Stat. 2372 (2010), and Amendment 750 of the United States Sentencing Guidelines ("USSG"). Unfortunately for Stephens, he is not entitled to a sentencing modification due to his status as a career offender at the time of sentencing.

Title 18 U.S.C. §3582(c)(2) provides that when a defendant's sentencing range has been lowered by the Sentencing Commission under the Guidelines, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) and the applicable policy statements issued by the Sentencing Commission. The FSA statutorily changed the threshold quantities of cocaine base, or "crack cocaine," that trigger mandatory minimum sentences under 21 U.S.C. § 841(b) and directed the Sentencing Commission to amend the Guidelines to reflect these new levels "as soon as practicable." In response, the Sentencing Commission promulgated Amendment 750, which adjusted the base offense level assigned to each threshold quantity of crack cocaine and "had the effect of lowering the 100–to–1 crack-to-powder ratio to 18–to–1." *Dorsey v. United States,* 567 U.S. ——, 132 S.Ct. 2321, 2329, 183 L.Ed.2d 250 (2012); U.S.S.G.App. C, Amend. 750 (Nov. 1, 2011).

As discussed above, while Stephens did plead guilty to a cocaine base "crack" offense, he

2

was ultimately classified and sentenced under the career sentencing guidelines[2] and not the crack cocaine guidelines. Indeed, the base offense level determined under §4B1.1(b) was level 34 and his criminal history category was VI. After factoring in all relevant reductions, Stephens's sentencing range under the career offender guidelines was 188-235 months imprisonment. He was sentenced to the low end of that range. Therefore although Defendant's initial base offense level might be different had he not been sentenced as a career offender, the fact that he was sentenced as a career offender under §4B1.1(b) precludes any reduction in offense level pursuant to Amendment 750. *See United States v. Davidson,* 488 F. App'x 646, 647–48 (3rd Cir.2012) (per curiam) ("Like Amendment 706[3], Amendment 750 has no effect on [Defendant's] offense level, which was based on his designation as a career offender. Accordingly, it is not a basis for a reduction of sentence under § 3582(c)(2)."); see also *United States v. Forman,* 553 F.3d 585, 588 (7th Cir.2009) (holding that a crack cocaine offender sentenced under the career offender guideline was not eligible for a reduced sentence under § 3582(c)(2)); *United States v. Poole,* 550 F.3d 676, 679 (7th Cir.2008) ("A sentence is not 'based on' a range that Amendment 706 subsequently lowered for purposes of a § 3582(c)(2) motion if the defendant was ultimately sentenced pursuant to a statutory minimum, even if the district court initially calculated an otherwise applicable range that the amendment lowered."). Accordingly, his request for relief under §3582(c)(2) is DENIED.

## **CONCLUSION**

---

[2] According to U.S.S.G. § 4B1.1(a), "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

[3] Amendment 706 was the first in a series of amendments to the USSG in response to Congressional action to reduce the sentencing disparity between powder and crack cocaine sentences.

3

Based on the foregoing, Stephens's Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2) [DE 36] is DENIED.

Entered: This 21st day of May 2014

s/ William C. Lee  
United States District Court